UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TYSON LUCAS,

                    Plaintiff,

              -against-

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY; PORT AUTHORITY POLICE
DEPARTMENT; Police Officer WARREN
NORMAN, Shield No. 2756; Police Officer
ANTHONY YOUNG; JOHN and JANE DOES 1
through 10, individually and in their official
capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------x

**12 CV 3096 (CM)**

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION *IN LIMINE*

**HARVIS WRIGHT & FETT LLP**
GABRIEL P. HARVIS, ESQ.
305 Broadway, 14th Floor
New York, New York 10007
*Attorneys for plaintiff*

October 11, 2013

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

I. MR. LUCAS' CRIMINAL HISTORY SHOULD BE EXCLUDED BECAUSE
IT IS IRRELEVANT, UNDULY PREJUDICIAL, AND CANNOT BE USED
FOR IMPEACHMENT PURPOSES ............................................................................ 3

    A.    Mr. Lucas' Other Arrests Are Inadmissable For Any Purpose Under
Fed. R. Evid. 404(b) ....................................................................................... 3

    B.    Mr. Lucas' Prior Arrests Are Inadmissible For Impeachment
Under Fed. R. Evid. 609 ................................................................................. 5

    C.    Mr. Lucas' Prior Arrests Were Dismissed And Are Thus Inadmissible
For Impeachment As A Matter Of Law. ......................................................... 5

II. EVIDENCE OF MR. LUCAS' PRIOR ARRESTS IS UNDULY PREJUDICIAL
AND NOT RELEVANT TO DAMAGES .................................................................... 6

    A.    Prior Arrests Are Not Relevant To Loss Of Liberty Damages Which
Are Separate And Distinct From Emotional Distress Damages ...................... 6

    B.    Standing Alone, Prior Arrests Are Irrelevant To Emotional
Damages .......................................................................................................... 7

    C.    The Probative Value Of Admitting Lucas' Criminal History Is
Outweighed By The Prejudice ........................................................................ 8

III. DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING THE
TESTIMONY OF JULIAN AQUINO PURSUANT TO FED. R. CIV. P. 37(C)(1) ........... 9

CONCLUSION ................................................................................................................. 12

## TABLE OF AUTHORITIES

**Case**                                                              **Pages**

*Alfano v. Nat'l Geographic Channel*, 06-CV-3511 (NG)(JO), 2007 WL 2982757 (E.D.N.Y. Oct. 5, 2007) ............................................................................................................... 11

*Backwell v. P. Kalinowski, P.W.*, 08-C-7257, 2011 WL 1557542 (N.D. Ill. Apr. 25, 2011) .................... 8,9

*Christmas v. City of* Chicago, 691 F.Supp.2d 811 (N.D. Ill. 2011) ............................................. 8-9

*Daniels v. Loizzo*, 986 F.Supp. 245 (S.D.N.Y. 1997) ................................................................. 3,5

*Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) ....................................................... 11

*Edwards v. City of New York*, 08-CV-2199, 2011 WL 2748665 (E.D.N.Y. July 13, 2011) ...................... 8

*U.S. v. Estrada*, 430 F.3d 606 (2d Cir. 2005) .......................................................................... 6

*Gardner v. Federated Department Stores, Inc.*, 907 F.2d 1348 (2d Cir. 1990) ................................ 6

*Great White Bear, LLC v. Mervyns, LLC*, 06-CV-13358 (RMB) (FM), 2008 WL 2220662 (S.D.N.Y., May 27, 2008) ................................................................................................ 12

*Haas v. Delaware and Hudson Ry. Co.*, 282 Fed.Appx. 84 (2d Cir. 2008) ..................................... 10

*U.S. v. Hayes*, 553 F.2d 824 (2d Cir. 1977) ............................................................................ 6

*Hynes v. Coughlin*, 79 F.3d 285 (2d Cir. 1996) ....................................................................... 3,4

*Kerman v. City of New York*, 374 F.3d 93 (2d Cir. 2004) ........................................................... 6

*Lewis v. Velez*, 149 F.R.D. 474 (S.D.N.Y. 1993) ...................................................................... 4

*Michelson v. United States*, 335 U.S. 469 (1948) .................................................................... 5

*Moakley v. P.O. (Jane) Velarde, et al.*, 2002 WL 287848 (S.D.N.Y. 2002) ................................... 4

*Nibbs v. Goulart*, 10-CV-3799, 2011 WL 4431167 (S.D.N.Y. Sept. 16, 2011) .............................. 5, 7

*Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006) ............................................................... 10,11,12

*Picciano v. McLoughlin*, 2010 WL 4366999 (N.D.N.Y. 2010) ..................................................... 7

*Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.P.A.*, 08-CV-2540, 2011 WL 1239867 (E.D.N.Y. Mar. 30, 2011) ................................................................................... 10

*Robinson v. Holder*, 2008 WL 2875291 (S.D.N.Y. 2008) ......................................................... 6

*Schiller v. City of New York*, 04-CV-7922, 2006 WL 3592547 (S.D.N.Y. Dec. 7, 2006) ................... 7

*Serin v. Northern Leasing Systems, Inc.*, 06-CV-1625, 2010 WL 6501661 (S.D.N.Y. Oct. 26, 2010) .................................................................................................................... 10

*Softel, Inc. v. Dragon Med. & Scientific Comm'ns, Inc.*, 118 F.3d 955 (2d Cir. 1997) ............................ 10,11

*Stephen v. Hanley*, 03-CV-6226, 2009 WL 1471180 (E.D.N.Y. May 21, 2009) ........................................ 4,5

*Wilson v. City of New York*, 06-CV-229 (E.D.N.Y. Dec. 13, 2006) ......................................................... 7

*Zitka v. Village of Westmount*, 07-C-0949, 2011 WL 4738249 (N.D. Ill. Oct.7, 2011) .......................... 8,9

**RULES**

Fed. R. Evid. 401 .................................................................................................................. 1,2

Fed. R. Evid. 402 .................................................................................................................. 1,2

Fed. R. Evid. 403 .................................................................................................................. 1,2,5

Fed. R. Evid. 404 ............................................................................................................... *passim*

Fed. R. Evid. 608 .................................................................................................................. 1,2,5

Fed. R. Evid. 609 .................................................................................................................. 1,2,5

Fed. R. Civ. P. 37 ............................................................................................................... *passim*

Fed. R. Civ. P. 26 ............................................................................................................... *passim*

**STATUTES**

42. U.S.C. § 1983 .................................................................................................................. 1

## PRELIMINARY STATEMENT

Plaintiff Tyson Lucas respectfully submits this motion pursuant to Rules 401, 402, 403, 404, 608, and 609 of the Federal Rules of Evidence to exclude evidence of, reference to or argument concerning Mr. Lucas' prior criminal history, including his prior arrests. Additionally, plaintiff seeks to preclude defendants from calling or otherwise offering testimony at trial from Julian Aquino pursuant to Federal Rule of Civil Procedure 37(c)(1).

## BACKGROUND

In the early morning hours of January 25, 2011, Tyson Lucas, who suffers from an intellectual disability, was lawfully present in the vicinity of the Port Authority Bus Terminal in Manhattan, which was open to the public due to the extremely cold temperature outside. Plaintiff entered a vestibule area of the bus terminal to warm up briefly when Port Authority officer defendants Warren Norman and Anthony Young approached him and forcefully ejected him. When Mr. Lucas returned to Port Authority later that morning to file a complaint about the officers' actions, the defendants arrested him without probable cause, viciously assaulted him and falsely charged him with Resisting Arrest, a misdemeanor, Criminal Trespass in the Third Degree, a violation, and Disorderly Conduct, a violation.

As a result of these false allegations, Mr. Lucas was incarcerated for over 12 hours before he was released on his own recognizance. He suffered a headache from when defendants slammed his head to the ground and his face was swollen. After his release from custody, Mr. Lucas made several court appearances in connection with these charges over the course of nine months. On or about September 26, 2011, all of the charges against Mr. Lucas were adjourned in contemplation of dismissal and subsequently dismissed.

The claims to be tried are Federal False Arrest, Excessive Force, Denial of a Constitutional Right to a Fair Trial under 42 U.S.C. § 1983 and Failure to Intervene. In dispute

is what happened during defendants' stop and subsequent arrest of Mr. Lucas on January 25, 2011.

At trial, defendants may attempt to impeach Mr. Lucas with evidence of his prior bad acts, in the form of prior arrests. Plaintiff believes the only discovery exchanged by the parties on this issue was Mr. Lucas' responses to questions posed during his deposition. At his deposition, Mr. Lucas testified that his other arrests, approximately six, were for violations or low-level misdemeanors. Mr. Lucas testified that these arrests all resulted in dismissal.

As will be set forth below, questioning and evidence of other arrests are inadmissible and irrelevant. Mr. Lucas' prior arrests and evidence thereof does not prove or disprove any of the factual disputes regarding his arrest on January 25, 2011. That evidence should be excluded because it is (1) wholly irrelevant; (2) inadmissible character evidence under Rule 404(b) of the Federal Rules of Evidence; (3) inadmissible for any purpose; (4) unfairly prejudicial pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence and admitting it would result in jury confusion and a waste of the Court's time; and, (5) it cannot be used to impeach Mr. Lucas pursuant to Rules 608 and 609 of the Federal Rules of Evidence.

Additionally, in the Joint Pre-Trial Order, defendants indicated – for the first time – that they intend to call as a witness Julian Aquino, an employee of a Port Authority subcontractor who was working at the bus terminal on the date of plaintiff's arrest. Defendants never disclosed Mr. Aquino as a witness with discoverable information pursuant to Rule 26(a) or (e) and never provided his address, telephone number or the subject of his knowledge. As a consequence, plaintiff was never on notice that Mr. Aquino was a potential trial witness and did not seek to depose him. Defendants should be precluded from offering testimony from Mr. Aquino pursuant to Fed. R. Civ. P. 37(c)(1), because they failed to comply with their disclosure

obligations and plaintiff has been deprived of the opportunity to depose him or otherwise prepare to meet his testimony.

## ARGUMENT

I.   **MR. LUCAS' CRIMINAL HISTORY SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT, UNDULY PREJUDICIAL, AND CANNOT BE USED FOR IMPEACHMENT PURPOSES**

All evidence of, reference to or argument concerning Mr. Lucas' prior arrests should be excluded.

### A.   *Mr. Lucas' Other Arrests Are Inadmissible For Any Purpose Under Fed. R. Evid. 404(b).*

Federal Rule of Evidence 404(b) provides in relevant part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."   Applying Rule 404(b), the Second Circuit has held, for example, that in an excessive force case regarding a prisoner's treatment by corrections officers, the plaintiff's prison disciplinary records cannot be offered to show that the plaintiff has an "aggressive character" and "that it was therefore more likely than not that he was the aggressor on the occasions in question."  *Hynes v. Coughlin*, 79 F.3d 285, 292 (2d Cir. 1996).

Here, given that the allegations are that plaintiff was falsely arrested for trespass, disorderly conduct and resisting arrest, evidence of Mr. Lucas' other arrests similarly serve no purpose other than to encourage the jury to draw the impermissible inference that Mr. Lucas has a "bad" or "criminal" character and a general propensity to commit crimes.  Accordingly, defendants would only seek to introduce these arrests to use them in a manner that is explicitly prohibited under 404(b).  *See Daniels v. Loizzo*, 986 F.Supp. 245, 249 (S.D.N.Y. 1997) ("Instead, the proffer of such evidence amounts to nothing more than a veiled attempt to do what Rule 404(b) prohibits – introduce bad acts evidence to show a propensity to commit such acts.").

Similarly, any attempt to admit this evidence under Rule 404(b) "for *other* purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" must be rejected.  *Hynes*, 79 F.3d at 290.  Evidence concerning Mr. Lucas' other arrests is not relevant in this case, nor is it probative of any of these enumerated purposes – which it must be – for admission under 404(b).  Further, none of those "other" purposes - namely, motive, intent, knowledge, etc. – are even remotely at issue in this case, thus making any attempt to introduce them under Fed. R. Evid. 404(b) impermissible.  *See Lewis v. Velez*, 149 F.R.D. 474, 479 (S.D.N.Y. 1993) ("While it is true that 404(b) permits evidence of other acts to show [another purpose], [that purpose] must in fact be *at issue* in the case to justify admission of such evidence.") (emphasis added).

Accordingly, given that the only use of these other arrests would be to irreparably prejudice the plaintiff in this case, they should be excluded as a matter of law.

Finally, Mr. Lucas' arrest record is not relevant to, or probative of, his or the defendants' state of mind, conduct, or for any other purpose under 404(b).  This is especially true because defendants could not have known of Mr. Lucas' prior arrests because they were sealed at the time of this incident.[1]  The only possible purpose for admitting this evidence is to include impermissible character evidence, when in fact Mr. Lucas' character is not at issue in this case.  *See Stephen v. Hanley*, No. 03-CV-6226, 2009 WL 1471180 at *8 (E.D.N.Y. May 21, 2009) ("[T]he court finds that the drug charges are inadmissible…Defendant apparently proffers these charges solely to demonstrate [plaintiff's] bad character; however, his character is not at issue in this case.").  Given that Mr. Lucas' unsubstantiated arrests have absolutely no probative value to any relevant issue in this case – namely whether or not there was probable cause to arrest Mr. Lucas

---

[1] *See Moakley v. P.O. "Jane" Velarde, et al.*, 2002 WL 287848, *3 (S.D.N.Y. 2002) ("In evaluating whether the officers had probable cause, the Court considers the facts available to them *at the time of arrest*.") (citation omitted) (emphasis added).

or whether the force used against him was reasonable – the only purpose to admit this evidence would be to improperly encourage the jury to make the impermissible inference that *if Mr. Lucas were arrested on prior occasions there must have been probable cause for his arrest on this occasion.* As such, it is impermissible character evidence explicitly prohibited by Rule 404, and is further prohibited by Rule 403 since the danger of unfair prejudice that will inevitably result would substantially outweigh the non-existent probative value of the evidence.

### B. *Mr. Lucas' Prior Arrests Are Inadmissible For Impeachment Under Fed. R. Evid. 609.*

Evidence of his other arrests may not be used to impeach Mr. Lucas under Rule 609 because he was not convicted, which renders them inadmissible under Rule 609(a)(1) as a matter of law. *See Daniels*, 986 F.Supp. at 249; *cf. Nibbs v. Goulart*, 10 Civ. 3799, 2011 WL 4431167, *3 (S.D.N.Y Sept. 16, 2011) ("As those convictions are outside the ambit of FRE 404(b) and evidence of those convictions is likely to cause delay and prejudice, such evidence shall be precluded.").

### C. *Mr. Lucas' Prior Arrests Were Dismissed And Are Thus Inadmissible For Impeachment As A Matter Of Law.*

According to the Supreme Court, it is well established that evidence of prior arrests that were dismissed have no impeachment value as a matter of law. *See Michelson v. United States*, 335 U.S. 469, 482 (1948) ("[a]rrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness….*Only* a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness.") (emphasis added). Accordingly, arrests that have not resulted in convictions are not admissible under Rule 609 or 608(b). *See Stephen* 2009 WL 1471180 at *8 ("[D]efendants reliance on Rule 608…is unavailing. None of the unproven charges or prior arrests bear on [plaintiff's] character for truthfulness…"). As such, Mr. Lucas' other unsubstantiated arrests are not relevant to credibility and simply cannot be used

to impeach him. Mr. Lucas' arrests have no bearing on any of the issues in this case, are irrelevant, and their admission would be unduly prejudicial and would only serve to impermissibly suggest that because Mr. Lucas has been arrested prior to this incident, he must have been committing a crime on the date at issue. Accordingly, these prior arrests cannot be used to impeach Mr. Lucas as a matter of law. *See U.S. v. Estrada*, 430 F.3d 606, 614 (2d Cir. 2005); *see also U.S. v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977).

## II.    EVIDENCE OF MR. LUCAS' PRIOR ARRESTS IS UNDULY PREJUDICIAL AND NOT RELEVANT TO DAMAGES

### A.    *Prior Arrests Are Not Relevant To Loss Of Liberty Damages Which Are Separate And Distinct From Emotional Distress Damages.*

Under the law of this Circuit it is well settled that loss of liberty is an entirely separate and distinct component of damages from emotional injury. *See Kerman v. City of New York*, 374 F.3d 93, 123-25 (2d Cir. 2004) (recognizing that loss of liberty and emotional injuries are independent of each other and that the tort of false arrest "'is complete with even a brief restraint of the plaintiff's freedom;' 'it is not necessary that any damage result from it other than the *confinement itself.*'") (emphasis added); *Gardner v. Federated Department Stores, Inc.*, 907 F.2d 1348, 1353 (2d Cir. 1990) ("Thus, the damages for deprivation of liberty redress the denial of free movement and the violation done to Gardner's dignity as a result of the unlawful detention, *and not* the physical and mental injuries arising from the incident.") (emphasis added); *Robinson v. Holder*, 2008 WL 2875291, *9 (S.D.N.Y. 2008) ("'[t]he damages recoverable for the period spent in wrongful confinement are *separable* from damages recoverable for such injuries as physical harm, embarrassment, or emotional suffering.") (emphasis added).

Further, it cannot be argued a deprivation of liberty is any less valuable for one who has never been arrested before. Any such argument would contravene the plain language of the rights enumerated in the Fourth Amendment, which are guaranteed "to the people" and not

simply the people who have never been arrested before. *See Nibbs*, 2011 WL 4431167 at *4 (holding that prior arrests are inadmissible to rebut plaintiff's claim of loss of liberty damages at trial).

### B.  *Standing Alone, Prior Arrests Are Irrelevant To Emotional Damages.*

Plaintiff's claim for emotional damages in this case stems directly and specifically from the physical pain and suffering attendant to his assault and the time he spent wrongfully incarcerated.  Accordingly – despite defendants' likely arguments to the contrary – his damages for emotional distress are unique to this arrest, thereby rendering any evidence of plaintiff's prior arrests entirely irrelevant to his damages as a matter of law.

Although the Second Circuit has never ruled on whether prior arrests and detentions are relevant to damages, a few scattered District Courts have found that prior arrests are *discoverable* and *arguably* relevant to damages.  *See Wilson v. City of New York*, 06-CV-229 (ARR) (VVP) (E.D.N.Y. Dec. 13, 2006) (requiring plaintiff to turn over an authorization for his sealed arrests records in discovery); *Schiller v. City of New York*, 04-CV-7922 (KMK), 2006 WL 3592547 (S.D.N.Y. Dec. 7, 2006) (same).  However, in all these decisions the court specifically limited those rulings to the context of discovery, and expressly stated that there were a variety of reasons why such evidence *would not* be admitted at trial for the same purpose.  *See Cicero v. City of New York*, 2011 WL 3099898, *3 (E.D.N.Y. 2011) (refusing to rule "'on how much, if anything' about the prior arrests should be disclosed to the jury").

Further, in cases where courts have allowed prior arrests and detentions to be admitted *at trial* on the issue of damages, such evidence has only been admitted to rebut specific allegations of emotional distress such as nightmares or a resulting fear of police.  *See Picciano v. McLoughlin*, 2010 WL 4366999, *2 (N.D.N.Y. 2010) ("[I]n the event that Plaintiff testifies at trial that he suffered a *'fear' of police officers, and/or lost his desire to become a police officer*, as a result of the

incident of August 4, 2004, which is the subject of this litigation, the Court will permit Defendant to ask plaintiff whether he has been arrested on more than one occasion since August 4, 2004.") (emphasis added); *Edwards v. City of New York*, 08-CV-2199, 2011 WL 2748665, *4 (E.D.N.Y. Jul. 13, 2011) (explaining that prior arrests and detentions may be relevant to emotional distress damages, but defense counsel has burden of explaining how plaintiff's direct testimony at trial put such evidence at issue before its admission); *see also Backwell v. P. Kalinowski, P.W.*, 08-C-7257, 2011 WL 1557542, *4 (N.D. Ill. Apr. 25, 2011) (explaining that prior arrests are relevant to damages only when they involve similar facts to the arrest at issue); *Zitka v. Village of Westmount*, No. 07 C 0949, 2011 WL 4738249 (N.D. Ill. Oct. 7, 2011) ("[d]efendants have failed to explain convictions for misdemeanor offenses which plaintiff *acknowledged* committing *long ago* would contribute to the emotional distress she claims to have suffered from being *falsely* charged with criminal offenses") (emphasis added).

In the present case, Mr. Lucas did not testify at his deposition, nor is he claiming, such specific allegations as might permit defendants to argue for admission of prior arrests on the issue of damages.  Even if Mr. Lucas were to make such specific allegations, he respectfully submits that the clear prejudice that would result from the admission of prior arrest evidence, and all of the arguments against admission set forth above, should lead the Court to preclude such evidence.

### C.   *The Probative Value Of Admitting Lucas' Criminal History Is Outweighed By The Prejudice.*

Furthermore, courts in other jurisdictions have found that probative value of evidence of prior arrests and incarcerations to rebut damages is substantially outweighed by the prejudicial effect of such evidence.  *See Zitka*, 2011 WL 4738249, *2 (explaining that prior arrests are too prejudicial, even if found to be relevant); *Christmas v. City of Chicago*, 691 F.Supp.2d 811 (N.D. Ill Feb. 11, 2011) (holding that the "danger of unfair prejudice greatly outweighs the probative

8

value" of admitting prior arrests to rebut emotional injury); *see also Backwell*, 2011 WL 1557542 at *4 (explaining that even if prior arrests are relevant and probative, they may still be too prejudicial).  The prejudicial effect of a jury learning that he has been arrested before could be insurmountable, even with a proper jury instruction. *See Zitka*, 2011 WL 4738249, *2 ("[e]ven with a limiting instruction, evidence that the plaintiff has been convicted three times in the past for criminal offenses (even if minor ones) could unfairly color the jury's perception of her *overall credibility*") (emphasis added).

Accordingly, evidence of, reference to or argument concerning Mr. Lucas' prior criminal history, including his prior arrests, should be precluded.

## III.   DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING THE TESTIMONY OF JULIAN AQUINO PURSUANT TO FED. R. CIV. P. 37(C)(1).

Julian Aquino, an employee of the Port Authority subcontractor responsible for checking tickets at the bus terminal, was first disclosed as a potential trial witness when defendants listed him on their portion of the draft Joint Pre-Trial Order they provided to plaintiff on September 20, 2013 (the day it was due to be filed).  Prior to that date the only mention of Mr. Aquino was during the testimony of non-party witness Derek Gross in April 2013, who testified that he believed Mr. Aquino was working that shift, and the appearance of Aquino's name on a roster of employees that was produced by defendants less than two weeks before the close of discovery.

Defendants never disclosed that Mr. Aquino possessed discoverable information that they might use to support their defenses, or provided his name, address, phone number or the subject(s) of his knowledge.  Accordingly, defendants should not be allowed to offer testimony from this witness at trial because they failed to make the requisite disclosures during discovery in contravention of Rules 26(a), 26(e) and 37(c)(1) of the Federal Rules of Civil Procedure.

Pursuant to FED. R. CIV. P. 37(c)(1):

> If a party fails to provide information or identify a witness
> as required by Rule 26(a) or (e), the party is not allowed to
> use that information or witness to supply evidence on a
> motion, at a hearing, or at a trial, unless the failure was
> substantially justified or is harmless.

In *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006), the Second Circuit held that a District Court's exclusion of testimony under Rule 37(c)(1) is reviewed for abuse of discretion. In determining whether the failure to disclose a witness warrants preclusion, this Court is to consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Id.* at 117 (citing *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (internal quotation omitted)).

Following the holding in *Patterson* numerous courts have excluded testimony of belatedly identified discovery and/or witnesses. *See*, *e.g.*, *Haas v. Delaware and Hudson Ry. Co.*, 282 Fed.Appx. 84 (2d Cir. 2008) (upholding a grant of summary judgment where District Court struck an affidavit submitted in opposition where plaintiff failed to comply with Rule 26); *Serin v. Northern Leasing Systems, Inc.*, 06–CV–1625 (JSG), 2010 WL 6501661 (S.D.N.Y. Oct. 26, 2010) (precluding witnesses from testifying at trial); *Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.P.A.*, 08–CV–2540 (DLI) (JMA), 2011 WL 1239867, (E.D.N.Y., March 30, 2011) (precluding party from supplementing its damages claim even though party might be denied any recovery as a result).

In this instance, the defendants have offered no justification for their failure to make the requisite disclosure of this witness under Fed. R. Civ. P. 26(a) or (e). Defendants' only argument – contained in their response to plaintiff's objection to the witness in the Joint Pre-Trial Order –

is that plaintiff somehow should have known that defendants intended to call this witness because he was mentioned by a non-party during a deposition. This is plainly insufficient. *See, e.g., Alfano v. Nat'l Geographic Channel*, 06-CV-3511 (NG)(JO), 2007 WL 2982757, *1 (E.D.N.Y. Oct. 5, 2007) ("[Plaintiff's] mere mention of [the witness] during his deposition was patently insufficient to alert the defendants to the salient point: that [the plaintiff] might call [the witness] to testify in support of [the plaintiff's] claims."). Further, defendants failed to indicate during discovery that they were looking for this witness or that this witness was believed to possess discoverable information that defendants "[might] use to support [their] claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(i). Therefore, defendants have failed to satisfy the first *Patterson* factor. *See Patterson*, 440 F.3d at 13 (first factor unsatisfied where newly-assigned counsel claimed to be unaware of witness disclosed three weeks late).

As to the second factor, plaintiff is unable to determine the importance of this witness because he does not know whether and to what extent the witness observed and/or recalls the disputed events. However, even if the witness were important, such importance is not outweighed by the other *Softel/Patterson* factors. *Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) (finding that although the second factor weighed against exclusion, "all of the other factors weigh heavily in favor of exclusion").

Defendants' failure to provide plaintiff with the identity (and/or knowledge) of this witness during the course of discovery is highly prejudicial to plaintiff. Had plaintiff been made aware of the existence of this witness, or his possession of information potentially favorable to defendants, plaintiff would have sought to depose him. The deposition would have allowed plaintiff the opportunity to, *inter alia*, test the witness's recollection, credibility and veracity. Instead, by disclosing their intention to call this witness only after discovery had closed (and shortly before trial), failing even at that late stage to provide the "subjects" of his knowledge as

11

required by Rule 26(a)(1)(A)(i) or his address and phone number, defendants have severely prejudiced plaintiff. *Patterson*, 440 F.3d at 13 (prejudice found where four witnesses' identities were disclosed "unaccompanied by any information concerning the nature of their testimony" ten days prior to trial).

The last factor the Court considers is the possibility of a continuance.  Granting defendants a continuance to allow plaintiff to obtain discovery from this newly identified witness would merely endorse their misconduct.  *See Great White Bear, LLC v. Mervyns, LLC*, 06-CV-13358 (RMB) (FM), 2008 WL 2220662, *6 (S.D.N.Y., May 27, 2008) ("GWB does not deserve such a further continuance since it already has had several opportunities to address the deficiencies of the Report, but has failed to respond adequately. To allow additional time now would be unfair not only to Mervyns, but to the Court").

For all of the above reasons, the Court should preclude any testimony from Julian Aquino.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court grant his motion *in limine* to (1) exclude evidence of, reference to or argument concerning Mr. Lucas' criminal record, including his prior arrests; and (2) preclude defendants from calling at trial or offering testimony from Julian Aquino.

Dated: New York, New York
         October 11, 2013

                              Respectfully submitted,

                              HARVIS WRIGHT & FETT LLP

                              By: _____
                                   Gabriel D. Harvis
                                   305 Broadway, 14th Floor
                                   New York, New York 10007
                                   (212) 323-6880
                                   gharvis@hwandf.com